IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CANDACE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1034-JDT-egb |
| | ) | |
| LEWIS L. COBB, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The *pro se* Plaintiff, Candace Watson, filed this civil action on February 12, 2014, against Lewis L. Cobb, the City Attorney for the City of Jackson, Tennessee (the "City"); Dr. Bede Anyanwu, a private attorney; and Jackson-Madison County General Hospital ("JMCGH"). (ECF No. 1.)[1] United States Magistrate Judge Edward G. Bryant subsequently granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 5.) In the complaint, Plaintiff purports to assert causes of action under various federal statutes and constitutional provisions, as well as claims under Tennessee law. On October 17, 2014, Plaintiff filed a Notice of Voluntary Dismissal of her claims against Defendant Anyanwu. (ECF No. 7.)

---

[1] The complaint also names various John and Jane Does as Defendants, who are described as "the legal assistants and/or paralegals employed by" Defendant Cobb's law firm. (*Id.* at 2.) However, service of process cannot be made on unidentified parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, if Plaintiff seeks to sue any other individuals, she must identify those persons and file a new complaint within the applicable statute of limitations.

Magistrate Judge Bryant issued a Report and Recommendation ("R&R") on January 13, 2015, in which he recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) because the state court proceeding of which she complains was still being litigated. (ECF No. 8.) Objections to the R&R were due on or before January 30, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). Plaintiff did not file any objections and did not seek an extension of time in which to do so. The Court agrees the complaint should be dismissed, although for reasons different than those stated by the Magistrate Judge.

The present complaint arises out of an earlier action concerning injuries Plaintiff sustained when she slipped and fell on a recently waxed floor while working at the Jackson Civic Center. In 2008, she filed a premises liability action against the City in state court. Plaintiff was represented by Defendant Anyanwu, and Defendant Cobb represented the City. The case was tried on March 8, 2013, by the court sitting without a jury. *See Watson v. City of Jackson*, No. W2013-01364-COA-R3-CV, 2014 WL 4202466, at *1 (Tenn. Ct. App. Aug. 26, 2014). The trial court ruled that Plaintiff was more than fifty percent at fault; therefore, she could not recover. *Id.* That ruling was affirmed by the appellate court. *Id.* at *3-11.[2] In this case, Plaintiff complains of various actions taken by the Defendants prior to and during the state court trial.

Plaintiff alleges that her right to privacy was violated under both the federal Privacy Act, 5 U.S.C. § 552a, and the Tennessee Patient's Privacy Protection Act ("PPPA"), Tenn. Code Ann. § 68-11-1501 *et seq.* (ECF No. 1 at 6-7.) Plaintiff has no claim against any Defendant under § 552a,

---

[2] On February 13, 2014, in a separate appeal, the Tennessee Court of Appeals affirmed the trial judge's denial of Plaintiff's motion seeking his recusal. *See Watson v. City of Jackson*, 448 S.W.3d 919 (Tenn. Ct. App. 2014).

which applies only to the disclosure of information by federal government agencies. *See* 5 U.S.C. §§ 551(1), 552(f) (defining "agency" for the purposes of the Privacy Act).

With regard to the Tennessee statute, Plaintiff alleges that Defendant Cobb violated her right to privacy by subpoenaing more of her medical records than was reasonably necessary to defend the tort action. (*Id.* at 7, ¶ 34.) However, the Tennessee Supreme Court has made it clear that such an allegation does not state a claim under the PPPA:

> The plain language of the Act provides a cause of action only for the *divulging* of protected information, not for the requesting or the obtaining of such information. . . . we hold that the statutory action established by section 68-11-1504 is available only against those persons who (1) have a statutory duty to keep identifying information confidential, and (2) actually divulge that information to parties not falling within a statutory exception.

*Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 413 (Tenn. 2002). Although Plaintiff also alleges that Cobb unlawfully disseminated her medical information and records to "unauthorized individuals" (ECF No. 1 at 7, ¶ 39),[3] the PPPA appears to impose the duty to keep such information confidential only on actual healthcare providers. *See Givens*, 75 S.W.3d at 413 (noting that Givens did not state a claim under the PPPA because she had not sued her physician or any other healthcare provider).

Plaintiff also appears to contend that JMCGH failed to follow proper procedure in responding to the subpoena for her medical records. (ECF No. 1 at 9, ¶ 7.) However, she has failed to specify any procedures that allegedly were not followed.[4]

---

[3] Plaintiff's allegations of unlawful dissemination are merely conclusory. (ECF No. 1 at 6-7, ¶¶ 31, 39-40.) She fails to identify the specific information that was divulged, when it was divulged, or the "unauthorized individuals" to whom it was divulged.

[4] Plaintiff also alleges that JMCGH failed to maintain the accuracy of her medical records
(continued...)

3

Plaintiff's complaint refers to the Fourth Amendment (*id.* at 1) and alleges that Defendant Cobb violated her "right to privacy and unreasonable search" when he filed a motion for her to undergo an independent medical examination ("IME") "by an inappropriate physician" (*id.* at 7, ¶ 35). She states that the IME, which was conducted by an orthopedic surgeon, should have been done by a neurologist. (*Id.* at 3, ¶ 9; *see also id.* at 4, ¶ 17.) This claim is frivolous. Requiring a civil litigant to undergo an IME, even if unnecessary, does not amount to an unreasonable search or seizure under the Fourth Amendment.

Plaintiff further alleges that Defendant Cobb deprived her "of her free exercise or enjoyment, right, and privileges secured by the law by objecting to clearly, relevant evidence [she] attempted to testify to during trial" in state court. (*Id.* at 8, ¶ 45.) This claim is also frivolous. An attorney does not violate a litigant's constitutional rights merely by objecting to evidence that is offered during a trial.[5]

Plaintiff next alleges that she was deprived of due process under the Fourteenth Amendment when neither her attorney "nor the Court" told her what occurred while she was voluntarily absent from the courtroom for an unspecified period of time. (*Id.* at 8-9, ¶¶ 50-51; *see also id.* at 3-5, ¶¶ 13, 22-23.) It is unclear whether this claim is also brought against Defendant Cobb. In any event, the U.S. Constitution does not guarantee "a civil litigant the absolute right to be present personally

---

[4](...continued)
by mixing another patient's records with hers (*id.* at 7, ¶¶ 36, 38) and failed to report that mistake (*id.* ¶ 41). However, she does not allege that she suffered any actual harm from the mixing of the records.

[5] The title of this section of Plaintiff's complaint is "Third Cause of Action (Interference of Civil Rights, 42 U.S.C. § 1985/the 13th Amendment of the United States." (ECF No. 1 at 8.) However, Plaintiff has alleged no facts plausibly suggesting that the Defendants conspired to deprive her of her constitutional rights or subjected her to involuntary servitude.

during the trial of his case." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 213 (6th Cir. 1985). "Consistent with due process the right to be present may be sufficiently protected in the party's absence so long as the litigant is represented by counsel." *Id.* Here, Plaintiff voluntarily, and apparently without warning, left the courtroom for a while. Failure to call a recess under those circumstances, particularly since Plaintiff was represented by counsel, did not violate her right to due process.[6]

Plaintiff also alleges that the trial judge's failure to accommodate her injury by providing a more comfortable chair during the trial violated Title II of the Americans with Disabilities Act.[7] However, Plaintiff has not sued the State of Tennessee. Although she has sued Defendant Cobb in his official capacity, he is the City Attorney, not an employee of the state court. The Madison County Circuit Court, the official title of which is the Circuit Court for the Twenty-Sixth Judicial District of Tennessee, is established pursuant to state law. *See* Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."). Thus, a claim against Defendant Cobb, even in his official capacity, cannot be construed as an ADA claim against the State of Tennessee.

---

[6] While Plaintiff alleges that no one told her what occurred during her absence, she does not allege that she actually *asked* anyone what occurred.

[7] Plaintiff actually refers to a section of Title III of the ADA, 42 U.S.C. § 12188. However, Title III applies only to *private* entities operating public accommodations and services. It expressly does not apply to public entities such as cities, counties, and states or to the departments and agencies thereof. *See* 42 U.S.C. §§ 12131(1), 12181(6). Public entities are covered by Title II of the ADA.

The Court adopts the Magistrate Judge's recommendation of dismissal, but for the foregoing reasons instead of those stated in the R&R. Therefore, this case is hereby DISMISSED as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the

Sixth Circuit Court of Appeals.[8]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE

---

[8] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.